UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ANDREW SMITH, | No. 1:23-cv-00480-ADA-HBK (HC) |
| Petitioner, | ORDER STRIKING MOTION TO AMEND |
| v. | (Doc. No. 11) |
| UNKNOWN, | ORDER GRANTING PETITIONER LEAVE TO FILE MOTION TO AMEND TO NAME A PROPER RESPONDENT |
| Respondent. | |
| | THIRTY DAY DEADLINE |

On March 21, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). Upon initial screening, the Court determined that the Petition did not name a respondent, and Petitioner was granted leave to file a motion to amend to name a proper respondent. On May 4, 2023, Petitioner filed a motion to amend the petition to name a proper respondent; however, Petitioner failed to sign the motion under penalty of perjury. (Doc. No. 11). Thus, the Court strikes the unsigned pleading and grants Petitioner leave to file a signed motion to amend to name a proper respondent in order to avoid dismissal of the action.

**I. APPLICABLE LAW**

**A. Pleading Must Be Stricken**

Rule 11 requires all pleadings, written motions, and other papers be signed by at least one attorney of record or by a party personally if the party is unrepresented. Fed. R. Civ. P. 11(a);

Petitioner's failure to sign the Petitioner also violates Local Rule 131 (b), which requires among other things that "[a]ll pleadings ... shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in *propria persona*." L.R. 131(b). In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Because the Court cannot consider unsigned filings, the pleading must be stricken. Fed. R. Civ. P. 11(a); L.R. 131(b). L.R. 131(b). *See, e.g., West v. Hulbert*, 2016 WL 2854416, at *1 (E.D. Cal. May 16, 2016); *Anderson v. Krpan,* 2015 WL 402086, at *2 (E.D. Cal. Jan. 29, 2015). Thus, the undersigned strikes the motion to amend the Petition filed on May 4, 2023.

**B. Failure to Name a Proper Respondent**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21 F.3d at 360. However, the chief officer in charge of penal institutions is also appropriate. *Ortiz,* 81 F.3d at 894; *Stanley*, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency. *Id.*

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976).  The Court will afford Petitioner an opportunity to cure this defect by amending the petition to name the proper respondent, such as the warden of his facility.  *See West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend Petition to Name Proper Respondent" in which Petitioner identifies the name of the proper respondent he seeks to substitute in this action.

Accordingly, it is **ORDERED**:

1. The Court strikes the unsigned motion to amend (Doc. No. 11).

2. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a <u>signed</u> motion to amend the instant petition and name a proper respondent.  Failure to timely comply with this Order will result in a recommendation that the petition be dismissed without further notice.

Dated:     May 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3