UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ANDREW SMITH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TRENT ALLEN,<br><br>　　　　　Respondent. | Case No.  1:23-cv-00480-ADA-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO WITHDRAW PETITION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 22) |

　　　　On August 2, 2023, Petitioner Brian Andrew Smith filed a "Motion to Withdraw Plea/Petition." (Doc. No. 22).  In his one-page, one-line motion, Petitioner states he "would like to withdraw [his] petition without prejudice and bias due to he has new counsel/attorney as [he is] not a[n] attorney." (*Id.*).  Respondent has not filed a response to the motion, and the deadline for doing so has passed.  Local Rule 230(l) (affording 21 days to the responding party to file an opposition or statement on non-opposition where a party is incarcerated).  For the reasons set forth more fully below, the undersigned recommends granting Petitioner's motion to withdraw

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

the Petition without prejudice.

## PROCEDURAL HISTORY

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on March 21, 2023. (Doc. No. 1, "Petition"). Liberally construed, the Petition raises two grounds of trial court error: (1) the trial court erred by failing sua sponte to instruct the jury regarding the effects of voluntary intoxication on "Petitioner's formation of intent to kill"; and (2) the trial court erred by failing to instruct the jury sua sponte whether another individual was an accomplice. (*Id*. at 3-4, 7-12). On July 20, 2023, Respondent timely filed an Answer to the Petition and lodged the relevant state court documents. (Doc. Nos. 20, 21). In lieu of filing a timely Reply, Petitioner filed the instant Motion. (Doc. No. 22).

## APPLICABLE LAW AND ANALYSIS

The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent such rules are not inconsistent with the statutory provisions of the Habeas Rules. Rules Governing Section 2254 Cases in the United States District Court, Rule 12. *See also*, Fed. R. Civ. P. 81(a)(4). Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[2] Otherwise, an action may be dismissed at plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is within the district court's discretion. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). It is well-settled in the Ninth Circuit that a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show it will suffer some plain legal prejudice as a result of the dismissal. *See Smith v. Lenches*, 263 F.3d 972, 975-76 (9th Cir. 2010) ("legal prejudice

---

[2] Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition. *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) ("Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition." (collecting cases)).

does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal"; rather, it is "prejudice to some legal interest, some legal claim, some legal argument"); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("Uncertainty because a dispute remains unresolved is not legal prejudice."); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (the possibility of a second lawsuit or tactical advantage gained by plaintiff is not legal prejudice).

Petitioner seeks to withdraw the Petition without prejudice "due to" his new attorney. (Doc. No. 22). Here, voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) is not available because Respondent filed an Answer[3] prior to Petitioner's motion to withdraw the Petition. Pursuant to Federal Rule of Civil Procedure 41(a)(2), it is within the discretion of the Court to consider Petitioner's motion, and the Court should grant the motion unless Respondent will suffer plain legal prejudice as a result of dismissal. *See Smith*, 263 F.3d at 975. Respondent filed no response in opposition to Petitioner's motion to withdraw, and therefore has not shown he will suffer legal prejudice if the motion is granted. *See Saepharn v. Fed. Bureau of Prisons*, 2010 WL 55642, at * 1 (E.D. Cal. Jan. 6, 2010) (granting Petitioner's motion to dismiss petition without prejudice and noting "Respondent has not filed an opposition nor has Respondent suggested in any way that Respondent would be legally prejudiced should the Court dismiss the case"). Nor does the Court discern how dismissal would deprive Respondent of any legal interest, argument, or claims. *See Smith*, 263 F.3d at 975-76. Further, Local Rule 230(l) provides that the failure of the responding party to file an opposition or statement of no opposition shall "be deemed a waiver of any opposition to the granting of the motion." *Id*. Accordingly, the Court finds Respondent waives aby opposition and otherwise would suffer no

---

[3] The Answer argues the Petition is barred and grounds raised for relief are frivolous because both grounds raised rest on state law grounds and thus, are not subject to federal review. (See generally Doc. No. 21 at 3-6). Nonetheless, Respondent did not file a motion to dismiss but filed an Answer. Thus, in the abundance of caution, the undersigned construes the instant Motion as brought under Rule 41(b).

legal prejudice because of a dismissal of this action.  Thus, the undersigned recommends Petitioner's motion to withdraw his Petition without prejudice be granted.

Petitioner is cautioned that a subsequent federal habeas petition filed in this Court will be subject to the one-year statute of limitations under AEDPA (*see* 28 U.S.C. 2244(d)(1)-(2)) and to any applicable procedural bars.  Petitioner is further cautioned that the one-year statute of limitations is not tolled during the time in which his Petition or any other federal habeas petition has been pending in this Court.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2000).

Accordingly, it is **RECOMMENDED**:

1. Petitioner's motion to withdraw the Petition (Doc. No. 22) be GRANTED.

2. The Petition (Doc. No. 1) be dismissed without prejudice.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     September 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE